

FILED

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRI LYNN DUKES, | No. 08-16652 |
| Plaintiff - Appellant, | D.C. No. 2:07-CV-01662-FJM |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 18, 2009[**]
San Francisco, California

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

Terri Lynn Dukes appeals the district court's order affirming the Social

Security Administration Commissioner's decision denying her application for

Supplemental Security Income and Disability Insurance Benefits.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's order affirming the Commissioner's decision to deny benefits. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). We reverse the Commissioner's decision only if it is based on legal error or is not supported by substantial evidence. Id. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order.

The facts of this case are known to the parties. We do not repeat them.

The Commissioner's decision is supported by substantial evidence in the record and is not based on legal error. The administrative law judge ("ALJ") properly followed the five-step sequential test of 20 C.F.R. § 404.1520.

The ALJ properly rejected Dukes's testimony as not credible by making several specific findings of inconsistencies in her claims and in the record. See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (holding that an ALJ's credibility determination must contain "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony" (citing Bunnell v. Sullivan, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc))).

The ALJ also properly rejected the opinion of Dukes's personal physician by noting that his opinion was unsupported by medical evidence and in conflict with evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)

2

(explaining that a treating physician's opinion is controlling only when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with all other substantial evidence in the record. ).

The ALJ properly applied the Medical-Vocational Guidelines to find a significant number of jobs in the national economy that Dukes could perform. See Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576–77 (9th Cir. 1988).

The remainder of Dukes's claims lack merit.

**AFFIRMED.**